[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF DEFENDANT LILLO'S MOTION FOR SUMMARY JUDGMENT
It is alleged by the plaintiffs Anna and Mieczyslaw Domejczyk that Dr. Nicholas Lillo, in his capacity as a supervisory physician, failed to properly supervisor resident physician David Jaskey and that this alleged negligence resulted in the failure to remove a sponge from the plaintiff Anna Domejczyk following the delivery of her child. As a result of this alleged negligence, the plaintiffs seek damages for injuries suffered including toxic shock syndrome and loss of consortium.
The defendant Dr. Lillo has filed a motion for summary judgment claiming both that he is immune from suit under section 4-165 and that he did not exercise sufficient control to be held responsible for the plaintiffs' injuries. Summary judgment is only appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The party moving for summary judgment bears the burden of proving the absence of a genuine issue of material fact. Id. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmovant. Id.
The defendant Lillo first claims that he is immune from suit under section 4-165 which provides in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." A "state employee" has been defined to include "any physicians or psychologists employed by any state agency." Conn. Gen. Stat. sec. 4-141. The affidavit of defendant Lillo states that he was the on-call physician responsible for overseeing the UCONN School of Medicine residents at the New Britain General Hospital Ob/Gyn Clinic. However, the chairman of the Department of Obstetrics and Gynecology at the University of Connecticut Health Center, Dr. Jack Blechner, who is responsible for overseeing the educations programs of that department, stated that he was unaware of any contract to perform work between Dr. Lillo and the University. It is therefore submitted that Dr. Lillo's affidavit, particularly when viewed in conjunction with the deposition statements of Dr. Blechner, fails to establish that Dr. Lillo is a state employee for purposes of section 4-165. Since a genuine issue of fact exists as to whether Dr. Lillo is a state employee, summary judgment cannot be granted on the basis of section 4-165. CT Page 4919
Dr. Lillo also asserts that summary judgment should be granted because he did not exercise the quantum of control necessary to be held responsible for the negligent acts of others. This assertion is premised on the view that Dr. Lillo was not present during delivery. However, a material issue of fact exists concerning whether Dr. Lillo was present at the delivery of the Domejczyk's baby because his affidavit implies that Lillo was not present while his signature nevertheless appears on the birth certificate as the attending physician. Where such an issue of material fact exists, summary judgment cannot be rendered for the defendant.
Accordingly, defendant Lillo's motion for summary judgment is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE